UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAN CREUSERE | ) | CIVIL ACTION NO. C-1-01 0021 |
| | ) | |
| Plaintiff | ) | JUDGE BECKWITH |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | SHERMAN |
| OHIO AND VICINITY REGIONAL | ) | |
| COUNCIL OF CARPENTERS | ) | **RULE 26(f) REPORT OF** |
| | ) | **THE PARTIES** |
| Defendant | ) | |

1.  Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on November 5, 2003 and was attended by:

    Plaintiff, Jan Creusere, Pro Se

    Fred Seleman, Counsel for Defendant Ohio and Vicinity Regional Council of Carpenters

2.  The parties:

    \_\_\_\_\_  have exchanged the discovery disclosures required by Rule 26(a)(1);

    \_\_x\_\_  will exchange such disclosures by February 2, 2004;

    \_\_\_\_\_  are exempt from disclosure under Rule 26(a)(1)(E); and/or

    \_\_\_\_\_  have agreed not to make initial disclosures.

3.  The parties:

    \_\_\_\_\_  unanimously consent to the jurisdiction of, and entry of judgment by, the United States Magistrate Judge pursuant to 28 USC 636(c); and/or

    \_\_x\_\_  do not unanimously consent to the jurisdiction of and entry of judgment by the United States Magistrate Judge pursuant to 28 USC 636(c).

4. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:    June 2, 2004

5. Is the case appropriate for mediation after a limited discovery period?   Yes

   Will the parties request the service of a court mediator?    Yes

   Has a settlement demand been made:    No

   Date by which a settlement demand can be made?   December   15,   2004. (Plaintiff wishes to explicitly reserve the right to propose another settlement demand at the end of discovery if the case is still pending.)

   Date by which a response can be made to settlement demand?   January 15, 2004.

6. Recommended Discovery Plan:

   a. Describe the subjects on which discovery is to be sought and the nature and extent of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

   Defendant: (1) – (3): The specific facts in support of Plaintiff's claims; the entities with control over the actions about which Plaintiff complains and that had the ability to accommodate Plaintiff, to the extent he could reasonably be accommodated; and the employer that engaged in the alleged age discrimination.

   Plaintiff: (1) – (3):  Responses to Interrogatories and Document Requests in reference to failure to discuss religious accommodation issues in contracts; written history of job-letting system used by the Carpenters' Union since 1979, including any lawsuits, NLRB charges and EEOC charges brought by any member; any changes in the use of the "work availability book;" any complaints brought to the Union about its letting of jobs; and history of newly-implemented Referral System.  Also need responses to Interrogatories and Documents in regard to educational opportunities offered by the Union; the processes utilized and the procedures followed; procedures for offering health-care benefits; procedures utilized by the Carpenters' Union in regard to grievances; how the Union contemplates, offers, and processes them; and what practices and procedures the Union has in the past twenty (20) years and now presently practices in representing members to out-of-town contractors. Plaintiff may wish to conduct as many as twenty (20) depositions including Dave Nelson, Greg Martin, Ron Adkins, Harvey Adams and other Union representatives/members yet to be identified as pertains to Plaintiff's treatment.

   (The proposed subjects of the discovery outlined by the respective parties above in no way waives the right of the opposing party to object to and/or

2

       seek a protective order regarding any particular subject of discovery, whether listed above or not.)

    b.    Limitations on discovery allowed under the Fed. R. Civ. P. or the S.D. Ohio Civ. Rules, including the limitations to twenty-five (25) interrogatories, forty (40) requests for admissions, and the limitation of ten (10) depositions, each lasting no more than one (1) seven (7) hour day?

       None

    c.    Additional recommended limitations on expansions of discovery:

       None

    d.    Describe the areas for which expert testimony is expected and indicate whether each expert will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(f):

       Plaintiff anticipates no experts; Defendant will use no experts unless Plaintiff does so.

    e.    Recommended date for identifying primary experts: March 5, 2004

    f.    Recommended date for producing primary expert reports: April 5, 2004

    g.    Recommended date for identifying rebuttal reports: July 5, 2004

    h.    Recommended date for producing rebuttal expert reports: August 5, 2004

    i.    Recommended discovery cut-off date: August 2, 2004

7.    Recommended dispositive motion date: October 8, 2004

8.    Recommended date for final pretrial conference (at least four (4) months after dispositive motion deadline): February 1, 2005

9.    Recommended date for trial (at least one (1) month after final pretrial conference): March 7, 2005

10.    Other matters for the attention to the Court: None

    SIGNATURES:

    Pro Se Plaintiff:    /s/    JAN CREUSERE

    Attorney for Defendant:    /s/    FRED SELEMAN

1310924.v1