UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAN CREUSERE,

     Plaintiff,

    vs.                          Case No. 1:01-cv-21
                                  (Beckwith, J.; Black, M.J.)

OHIO AND VICINITY REGIONAL
COUNCIL OF CARPENTERS, et al.,

     Defendants.

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 31); (2) VACATING THE MAY 10, 2004 ORDER DENYING PLAINTIFF'S MOTION TO EXTEND ALL CALENDAR DATES BY 150 DAYS (Doc. 29); AND (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND ALL CALENDAR DATES BY 150 DAYS (Doc. 27)**

This matter is before the Court on a motion by plaintiff (doc. 31) for reconsideration of an Order, entered May 10, 2004, denying his motion to extend all calendar completion dates by 150 days. The motion for reconsideration includes a request for an investigation of the issuance and service of the calendar order, to hold the case in abeyance pending the investigation, and other miscellaneous relief.

In support of the motion for reconsideration, plaintiff reasserts the ground presented in the underlying motion that he was never served with a copy of the Court's calendar order. The Court stands by its original determination that, in light of plaintiff's participation at the scheduling conference, he should have been aware of the dates that

were discussed at the conference and subsequently set forth in the calendar order. Nonetheless, based on plaintiff's showing that he was not served with a copy of the calendar order, the Court will reconsider the Order denying his motion for an extension of time.

On reconsideration, the Court finds that an extension of time is warranted. The discovery deadline of June 11, 2004, established by the current calendar, has passed and the dispositive motion deadline, July 20, 2004, is approaching. Plaintiff has not demonstrated what, if any discovery, is yet to be completed.[1] He has indicated however that the parties anticipate the filing of a Joint Stipulated Motion to Dismiss.

The Court's concern is not whether the calendar should be extended but rather the length of that extension.

The Court finds further that an investigation of the issuance and service of the calendar order is not necessary. The Court accepts as true plaintiff's statement that he was not served with the calendar order.

Finally, the Court denies plaintiff's remaining requests without prejudice, finding that they are not properly before the Court.

**IT IS THEREFORE ORDERED THAT:**

1.    Plaintiff's motion for reconsideration (doc. 31) is **GRANTED** and the May

---

[1]    The Federal Rules of Civil Procedure provide in part that the parties may begin discovery after they have conferred as required by Fed. R. Civ. P. 26(f).  *See* Fed. R. Civ. P. 26(d).  Review of the record shows that the parties conferred on November 5, 2003.  (*See* doc. 22).  The parties have already had more than seven months in which to conduct discovery.

10, 2004 Order (doc. 29) denying plaintiff's motion to extend all

completion dates by 150 days is **VACATED**.

2.    Plaintiff's motion to extend all completion dates by 150 days (doc. 27) is

**GRANTED IN PART AND DENIED IN PART** as follows:

Each party shall **FILE, within fifteen (15) days** of the date of

this Order, a Status Report stating what additional time is

needed to complete settlement negotiations and to prepare the

proposed Joint Motion to Dismiss or, if settlement

negotiations are not successful, the specific discovery still

needed to be completed, and the time needed in which to

complete discovery and to file dispositive motions;

3.    Plaintiff's requests for an investigation and to hold the case in abeyance are

**DENIED**; and

4.    Plaintiff's remaining requests are **DENIED WITHOUT PREJUDICE**.

5.    The Clerk of Court is directed to send plaintiff a copy of this Order by

certified mail.

**IT IS SO ORDERED.**


Date:   6/18/04                       s/Timothy S. Black
                                      Timothy S. Black
                                      United States Magistrate Judge


-3-