UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jan Creusere,

    Plaintiff,

vs.                                                                                   Case No. 1:01-cv-21
                                                                                                                                           (Beckwith, J.; Black, M.J.)

Ohio and Vicinity Regional
Council of Carpenters,                                                              **ORDER**

    Defendant.


    This matter is before the Court on the parties' "Status Reports" (docs. 33, 35) and plaintiff's "Motion Requesting Consideration By A Senior Judge[,] Requesting A Written Apology By The Court And A Refund Of Plaintiff's Filing Fee" (doc. 34).

    By Order entered on June 18, 2004, the Court granted, in part, plaintiff's request for an extension of the deadlines imposed by the Calendar Order entered on December 4, 2003. (*See* doc. 32). Each party was directed to file a status report specifying the discovery still to be completed and the time needed in which to do so. (*Id.*)

    On July 1, 2004, plaintiff filed a status report stating that no more time was needed and that he had signed a joint stipulation to dismiss this action. (Doc. 35). On the same date, plaintiff filed the motion that is now before the Court. Alleging that the Court improperly allowed this action to lay dormant and that the Court failed to insure that he

was served with copies of its orders, plaintiff requests that the Court find itself in breach of contract, issue a formal apology, and refund his filing fee. (Doc. 34). Plaintiff further requests that his motion be reviewed by a "Senior Judge" and that the stipulation of dismissal not be filed until a ruling has been made on the instant motion.

Defendant filed a status report (doc. 33) also stating that no more time was needed and tendering the parties' "Stipulation For Dismissal and Judgment Entry." Defendant asked the Court to process the request for dismissal once a ruling has been made on the pending motion.

For the reasons that follow, plaintiff's motion is denied.

## DISCUSSION

First, plaintiff's request for consideration of this motion by a "Senior Judge" lacks merit. It is well established that pretrial matters may be referred to a magistrate judge and that the consent of the parties is not required. *See* Fed. R. Civ. P. 72. The motion currently before the Court has been referred to the undersigned by the Order of General Reference, filed March 25, 1991, and pursuant to 28 U.S.C. § 636(b).

Second, contrary to plaintiff's assertions, the Court is not required to insure, via certified mail or otherwise, a party's receipt of its Orders or to prevent a case from laying "dormant." To the contrary, even a *pro se* litigant has an affirmative duty to diligently pursue the prosecution of his cause of action. *See Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's *pro se* status does not afford him special procedural

considerations. *See id.* ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.") (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). No persuasive reason has been offered why plaintiff should be accorded special consideration under the circumstances of this case.

Third, plaintiff is not entitled to a refund of fees. Upon receipt of the filing fee, the Clerk is required to deposit a portion with the Treasury of the United States, *see* 28 U.S.C. § 1931. As a general rule, "funds deposited into the United States Treasury become 'public money' and may only be paid out pursuant to statutory authority." *Strock v. Vanhorn*, 919 F. Supp. 172, 173 (E.D. Pa. 1996) (quoting *Lee v. United States,* 33 Fed. Cl. 374, 381 (1995).

> There are two generally recognized exceptions to the rule: (1) where the government exacted the fee by mandating its payment [...]; and (2) where it was subsequently determined that the original receipt of the money was contrary to the law.

*Strock,* 919 F. Supp at 173 (citing *Lee,* 33 Fed. Cl. at 381). Plaintiff has not identified any statute authorizing a refund of the filing fee and neither exception applies. Plaintiff paid the fee voluntarily when he chose to file his complaint, *see Strock,* 919 F. Supp. at 173; *Lee,* 33 Fed. Cl. at 383; and the Clerk was authorized to collect the fee, *see* 28 U.S.C. § 1914(a).

Accordingly, **IT IS HEREIN ORDERED THAT** plaintiff's "Motion Requesting Consideration By A Senior Judge[,] Requesting A Written Apology By The Court And A Refund Of Plaintiff's Filing Fee" (doc. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's request that the Court process the proposed stipulation of dismissal is **DENIED without prejudice.** Local policies and procedures provide that the Court direct defendant to separately file the "Stipulation For Dismissal," which was attached to its status report. *See* Electronic Filing Policies and Procedures Manual for the United States District Court for the Southern District of Ohio, § II.A.5.

The Clerk of Court is directed to mail a copy of this Order to plaintiff by certified mail, return receipt requested.

**IT IS SO ORDERED.**

Date:  7/14/04                                   s/Timothy S. Black
                                                 Timothy S. Black
                                                 United States Magistrate Judge